# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO



| | |
|---|---|
| In Re: | **JUDGE RICHARD L. SPEER** |
| Dale/Brenda Irby | Case No. 06-3536 |
| Debtor(s) | (Related Case: 02-30334) |
| Brenda Irby | |
| Plaintiff(s) | |
| v. | |
| Preferred Credit | |
| Defendant(s) | |

## DECISION AND ORDER

This cause is before the Court on the Motion of the Defendant/Creditor, Preferred Credit, to Dismiss; and the Plaintiff's Memorandum in Opposition thereto. Having now had the opportunity to review the arguments of the Parties, the Court, for the reasons now explained, finds that the Defendant's Motion should be Granted.

## DISCUSSION

The instant proceeding was commenced when the Plaintiff filed a Complaint in this Court for "Injunctive Relief and Monetary Damages and Punitive Damages." (Doc. No. 1). As the basis for her Complaint, the Plaintiff stated:

Brenda Irby v. Preferred Credit
Case No. 06-3536

> Defendant has continued to report to credit reporting agencies or has failed to update its listing with the credit reporting agencies for Plaintiff's past due payments not withstanding [sic] an order of discharge being granted by the United States Bankruptcy Court on July 25, 2002. Defendant was properly notified of the discharge. This action or failure to act was willful and malicious and continues to the present time.

(Doc. No. 1, at pg. 2). Based on these allegations, the Plaintiff, in her Complaint, maintains that the Defendant violated § 524 (the discharge injunction) and § 727 (discharge) of the Bankruptcy Code. *Id.* at pg. 4. In response, the Defendant filed the instant Motion to Dismiss in accordance with FED.R.BANK.P. 7012(b) for failure to state a claim upon which relief may be granted. (Doc. No. 4).

Under FED.R.CIV.P. 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012(b), a Motion to Dismiss for failure to state a claim can only be entered when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2917, 125 L.Ed.2d 612 (1993). For this standard, all factual allegations must be accepted as true, and where an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 886 fn. 2 (6th Cir. 2000). However, while the standard for a Rule 12(b)(6) motion is to be read quite liberally in favor of the plaintiff, the plaintiff is not permitted to rest on bare assertions of unsupported legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988).

In support of its burden, the Defendant cites to this Court's recent decision in *Irby v. Fashion Bug (In re Irby)*, 337 B.R. 293 (Bankr.N.D.Ohio 2005). In *Fashion Bug*, which involved this very same Plaintiff, this Court held that allegations regarding a creditor's failure to take affirmative steps to ensure that a prepetition discharged debt was removed from the debtor's credit report does not, alone, support a violation of the discharge injunction of § 524. Instead, this Court found that, with respect to the issue of credit reporting, in order to maintain a complaint for a violation of the

Page 2

Brenda Irby v. Preferred Credit
Case No. 06-3536

discharge injunction, the reporting of the debt must be coupled with other overt acts by the creditor to collect on the debt.

As compared to the *Fashion Bug* matter, the issue of law and factual circumstances presented in this proceeding are, for all practicable purposes, indistinguishable. Not only is the same Plaintiff involved, but both this case and the *Fashion Bug* matter set forth the same cause of action: an alleged violation of the discharge injunction of § 524. But of particular importance, the allegations made by the Plaintiff in her complaint in the *Fashion Bug* matter read almost verbatim to those made in this particular case. Specifically, it is observed that in the *Fashion Bug* matter, the Plaintiff stated as the basis for her complaint:

> Defendants have continued to report that there is a balance owed on the debt that was discharged by this Court on July 25, 2002. This action is willful and malicious and continues to the present time.

(Case No. 04-3430, Doc. No. 1, at pg. 2). Based then upon this nearly exact identity in the applicable facts and law between this case and that of *Fashion Bug*, the doctrine of *stare decisis* prescribes that the Plaintiff come forth with a viable reason as to why the Defendant's Motion to Dismiss lacks merit.

The doctrine of *stare decisis* holds that a court, in the absence of any intervening change in the law, is to abide by a principle of law laid down in a past decision to a present case having substantially the same facts. *In re Vargas*, 342 B.R. 762, 764 (Bankr. N.D.Ohio 2006). The doctrine of *stare decisis*, however, is not absolute, allowing courts the flexibility to reexamine their past decisions. Yet, deviation from a legal holding set forth in a prior decision is always the strong exception, not the norm, given the doctrine's strong policy underpinnings: it promotes evenhandedness and predictability, thereby contributing to the actual and perceived integrity of the judicial process. *Id.* at 764-65, *citing Payne v. Tennessee*, 501 U.S. 808, 827-28, 111 S.Ct. 2597, 115

Page 3

Brenda Irby v. Preferred Credit
Case No. 06-3536

L.Ed.2d 720 (1991). In this way, the Supreme Court has stated that before a court should part from a rule of law set down in a past decision, a "special justification" is needed. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Common examples of the type of "special justification" that will warrant a court departing from its past precedent include, the governing decision is unworkable or badly reasoned, or new and very persuasive arguments are presented that were not previously considered. *In re Vargas*, 342 B.R. at 65.

For such a justification, the Plaintiff's arguments fall around the "fresh-start" policy of the Bankruptcy Code, and how the continued reporting of a discharged debt would frustrate this important bankruptcy policy. In the words of Plaintiff's counsel:

> Credit reporting has become a crucial aspect of the business life. It has been used as a 'powerful' collection tool of creditors for many years. The nature of the report and whether or not a balance is owed on the account is a valid aspect of the collection process. Merely listing the account on a credit report is not harmful. What is harmful, and is the effective nature of the credit report is listing a balance and listing the fact that the account remains unpaid.

(Doc. No. 6, at pg. 2).

At its most basic level, the Court cannot disagree with the Plaintiff's position; the continued reporting of a discharged obligation on a debtor's credit report carries with it the significant potential to negatively affect a debtor's ability to obtain future credit. Yet, to the extent that this may be construed as interfering with a debtor's fresh-start, such a negative consequence does not necessarily couple with the outcome desired by the Plaintiff. To begin with, the Bankruptcy Code is replete with situations in which a debtor's need for a fresh-start is subordinated to other policy concerns. *See, e.g.*, § 362(c) (relief from the automatic stay); § 523(a) (nondischargeable debts); § 727(a) (denial of discharge).

Page 4

**Brenda Irby v. Preferred Credit**
**Case No. 06-3536**

Similarly, the fresh-start policy inherent in the Bankruptcy Code was never meant to eliminate all the negative consequences that may flow from a debtor's prior financial difficulties. In fact, it is assumed that a debtor's creditworthiness will suffer as a result of bankruptcy. In this way, the Code's fresh-start policy looks primarily to the direct burden surrounding the debtor's financial obligations, as opposed to the peripheral consequences attendant with a bankruptcy filing, with the Supreme Court of the United States having described bankruptcy's fresh-start as "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Thus, trying to form a close fit between credit reporting and the Code's fresh-start policy seems somewhat ostentatious as it would appear to rest on the improper foundation that bankruptcy comes without any lasting stigma. *See Caldwell v. Continental American Ins. Co. (In re Caldwell)*, 350 B.R. 182, 200 (Bankr. E.D.Pa. 2006) (the Code's fresh-start policy does not entail a head start).

Even these concerns aside, the Plaintiff's equitable argument does not address the substance giving rise to this Court's holding in *Fashion Bug*: The application of the statutory text of § 524, against which the Debtor's equitable argument regarding the fresh-start policy of the Bankruptcy Code cannot take precedence. As has been often said in one form or another: the general grant of equitable power to the bankruptcy courts, as contained in § 105(a), cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *ATD Corp. v. Advantage Packaging, Inc. (In re ATD Corp.)*, 352 F.3d 1062, 1066 (6th Cir. 2003) (the bankruptcy court's broad equitable powers are constrained to actions or determinations that are not inconsistent with the Bankruptcy Code).

Therefore, for all these reasons, the Court is not persuaded that the decision reached in *Irby v. Fashion Bug (In re Irby)* was improperly decided. Consequently, with the facts and circumstances

Page 5

Brenda Irby v. Preferred Credit
Case No. 06-3536

of this case closely aligning with those in *Fashion Bug*, the Court's decision therein, finding no violation of the discharge injunction of § 524 when a discharged debt remains on a debtor's credit report, is equally applicable in this matter. As such, the Court holds that, for purposes of FED.R.BANK.P. 7012, the Plaintiff has failed to state a claim upon which relief can be granted.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendant, Preferred Credit, to Dismiss, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that this adversary proceeding is hereby DISMISSED.

Dated: January 30, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

06-03536-rls    Doc 11    FILED 01/30/07    ENTERED 01/30/07 10:34:00    Page 6 of 7

# *CERTIFICATE OF SERVICE*

Copies were mailed this 30th day of January, 2007 to:

Brenda Irby
3114 E. Bayview Lane
Sandusky, OH 44870

Donald R. Harris
158 E. Market St.
Suite 302b
Sandusky, OH 44870

Preferred Credit
P.O. Box 1679
St. Cloud, MN 56302

Curtis L. Tuggle
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court